The opinion of the court was delivered by
Duncan, J.
This was an appeal from the decision of Mr. Justice Huston, at a Circuit Court held at Lancaster, April, 1827, *37 admitting in evidence the release of James Cochran and Jane Mary, his wife, on an acknowledgment of the instrument by husband and wife, of the 28th of May, 1796, of the wife’s real estate in the following words: — “ James Cochran and Jane Mary, his wife, came before me, the subscriber, one of the associate judges of the Court of Common Pleas, in and for the county of Lancaster, and acknowledged the within .instrument fo be their act and deed, and desired that the same might be recorded as such.” And also in instructing the jury, that the release thus acknowledged was sufficient, under the provisions of the act of the 3d of April, 1826, to bar all claim to recovery in right of the wife.
It is contended, first, that this defective acknowledgment is not cured by that act. While I agree that the retrospective powers of this act are to be construed strictly, and that every law of this nature is to be construed with strictness, and not to be extended by equity beyond the words of the statute; yet I cannot agree to a construction that would defeat the end and object of the law, and I must confess it appears to me.that in words as clear as our language affords, this provision embraces every defect, cures every invalidity in the certificate of acknowledgment, where the conveyance is a bona fide one. The purview, the preamble, and the enacting clause, conduce to prove that it was the intention of the legislature that no acknowledgment should be held invalid, defective, or insufficient in law, by reason of any omission, formal or substantial, in not setting forth the particulars of an acknowledgment in the certificate. And my opinion is, that if the wife does acknowledge the conveyance to be her act and deed, before an officer authorized by law to take it, this acknowledgment is-sufficient, though it omit all the particulars required under the former act. It is impossible to make an enactment more expressive and comprehensive; for the naked acknowledgment is made as good, valid, and effective in law, for transferring the estate, as if all the requisites and particulars of the acknowledgment recited in the former aet had been particularly set forth in the certificate thereof, or appeared upon the face of the same. It is here to be observed, that this aet only alters defective acknowledgments before the 1st of September, 1826.
It is next objected, that this act is unconstitutional. The general rule is, that all laws are in their nature prospective, yet this does not prohibit the legislature from passing some laws which. have a retrospective operation. Where the laws do not impair the obligation of contracts; or are not ex post facto, (ex post facto relate to crimes only,) every confirmatory act is in its nature retrospective; and, in the opinion of the court delivered in Underwood v. Lilly, (10 Serg. & Rawle, 101,) it is stated, “ that confirming acts are not uncommon. Deeds acknowledged defectively by femes covert, proceedings and judgments of commissioners, and justices of the peace, who were not commissioned, agreeably to the constitution, or when their power ceased on the division of *38 counties until a new appointment. Retrospective laws, which only vary the remedies, divest no right, but merely cure a defect in proceedings otherwise fair, — the omission of formalities which do not diminish existing obligations, contrary to their situation when entered into. These, and several like acts, are clearly constitutional.”
I have seen no reason to change that opinion. I will just add, that it is an abuse of terms to contend that this is an act divesting vested rights. Such acts would be odious and unjust, as well as unconstitutional; for it is not intended by a vested right, that it shall be a right to do wrong; to take advantage of a mere slip in form, where the transaction is a bona fide one; and to avoid an honest conveyance fairly acknowledged, in the hands of an innocent purchaser. Statutes made to confirm acts by public officers which would have been void for some informality, have neVer been questioned on constitutional grounds. See Bond v. Appleton, 8 Mass. Bep. 473.
It is well that this question has been brought up so early after passing the act, to put the matter at rest, and silence the speculations, opinions, and doubts expressed even by some men in the profession, and to relieve from apprehension those bona fide purchasers who might otherwise have been affected by informal certificates of acknowledgments, and that the hundreds, I might say thousands, intended to be relieved from danger for this one cause, may now repose in peace under this law confirming their titles— eio man can make them afraid.
It is the opinion of the court that the appeal be dismissed, and
Judgment affirmed.
Rogers, J., having been counsel in the cause, took no part in the decision.