[PHILADELPHIA, APRIL 16, 1835.]

## In the Matter of KOCH'S Estate.

### APPEAL.

The 41st section of the act of the 24th of February, 1834, which directs, that when a distribu-
tee of an intestate's estate, is unable to give the security to refund, required by the act,
the fund shall be put at interest on security approved by the Orphans' Court, includes
cases pending at the passage of the act.

THIS was an appeal by *M. H. Messchert,* and *H. Messchert,* admin-
istrators of *Jacob Gerard Koch,* from the decree of the Orphans'
Court, for the City and County of Philadelphia, made in the matter
of their accounts.

The following exceptions were taken by *H. Messchert* surviving
administrator.

First. That the report of the auditors made on the 3d day of
November, 1832, and the decree of said Orphans' Court thereupon,
whereby a distribution of a moiety of the balance in the hands of
said administrator, was made to the following named persons, and
in the following proportions, viz.

| | |
|---|---|
| To *Maria Anna Leizman,* | 6-18ths. |
| " *Maria Helina,* now wife of *Francis Bringhorst,* | 3-18ths. |
| " *Franciscus Josephus Koch,* a minor, | 1-18th. |
| " *Jacobus Gerardus Johannes Koch,* a minor, | 1-18th. |
| " *Aloysia Constantina Francisca Koch,* a minor, | 1-18th. |
| " *Christiana, Maria Jacoba Cranenburg,* | 1-18th. |
| " *Gerardus Ludovicus Koch,* | 1-18th. |
| " *Jacobus Petrus Franciscus Koch,* a minor, | 1-18th. |
| " *Ludovicus August Koch,* a minor, | 1-18th. |
| " *Johannes Jacob Koch,* | 1-18th. |
| " *Maria Gertruda Koch,* | 1-18th. |

was made without any evidence of a legal character, showing
the said parties, to be the heirs at law, or persons entitled by law
to any portion of said moiety, upon very short and insufficient notice
to the parties interested, the whole of said evidence consisting of
copies of papers, in languages with which said auditors were not at
all, or very imperfectly acquainted, which said copies were in no
respect verified by legal testimony or evidence of any kind whatever,
and the said notice having been published in the city of Philadel-
phia, for eleven days only previous to the meeting of the auditors,
though all the parties in interest to be bound by said report and
decree, reside in Europe and out of the United States.

(In the Matter of Koch's Estate.)

Second. Because, by the decree of the 21st of December, 1832, the said Orphans' Court decreed payment of the said *Maria Anna Leizman, Francis Bringhorst and Maria Helena* his wife, *P. V. Cranenburg* and *Chistiana Maria* his wife, *Gerardus Ludovicus Koch, Johannes Jacobus Koch* and *Maria Gertruda Ludovicus Koch,* upon their leaving in the hands of the said administrators for the present, and until sureties can be had, a portion of their respective shares, instead of giving to the said administrators bonds with sureties, that if any debt or debts truly owing by the intestate, shall be afterwards sued or recovered, or otherwise duly made to appear, the said parties shall respectively refund to the administrators, his or her rateable part of such debt or debts, according to the provision of the act of assembly in such case made and provided.

The case was argued by *Sergeant* for the distributees, and by *Ingraham* and *Tilghman* for the administrators.

The opinion of the court was delivered by

SERGEANT J.—It is the opinion of this court, that the decree of the Orphans' Court of the 10th of January, 1833, substituting a retention of money in the hands of the administrators, in lieu of security to refund, was not authorized by the act of 19th April, 1794, for distribution of intestates' effects.

The fifteenth section of that act, requires security to be given in all cases.

After the decree of the court below, the act of assembly of the 24th of February, 1834, embracing the new code on this subject, was passed, and on the 1st of October last, came into operation. The question now presented, is whether the 41st section of that act, applies to the case before the court; for, if it does, then the object designed by the court below in making their decree, may be attained.

The 41st sec. of the act of 1834, after providing that the distributee, before receiving any share of the estate, shall give real or personal security, in such sum and form as the court shall direct, with condition to refund, if any debt or demand shall be recovered or appear, enacts, that, " if the person or persons entitled to receive the same, is or are unable to give the security aforesaid, then the money shall be put at interest, on security approved by the Orphans' Court, which interest is to be paid annually to the persons entitled to it, and the money to remain at interest, until the security aforesaid is given, or the Orphans' Court, on application, shall order it to be paid to the person or persons entitled to it." How far this provision applies to the present case, depends on the true construction to be given to the repealing clause of the act, contained in its last section, which is as follows: " this act shall take effect from and after the 1st day of October next, and all such acts of assembly as are hereby altered or supplied, shall be and hereby are repealed, except so far

(In the Matter of Koch's Estate.)

as may be necessary to finish proceedings commenced, or to settle the estates of persons who have died before that time." Sec. 79.

The 15th section of the act of 1794, is both altered and supplied by the 41st section of the act of 1834. It is, therefore, repealed unless it falls within the exception. But it does not fall within the exception, because it is not necessary either to finish proceedings commenced, or to settle the estate of persons dying before the 1st of October, 1834. On the contrary, another provision on the subject is introduced by the last act better adapted to the emergencies that may arise, and quite as safe, for all concerned, whether administrators or heirs. This is no reason therefore, why the 15th section of the act of 1794, should not be considered as totally repealed, and the new section substituted forthwith.

The exception had other objects in view: it was designed to preserve the old law in force, in certain cases, where it would have been attended with inconvenience and mischief, not to do so. In the first place, it was right and proper that what had been done under the old law, in cases commenced and undetermined, should be preserved and completed; but if the law under which the proceedings had been carried on, were repealed, without any saving clause, all that had been previously done might be swept away, and the business must begin *de novo*. Cases of hardship have occurred by this inadvertence in legislation, 4 *Yeates*, 392. 1 *Watts*, 382. 1 *W. Bl.* 451. In the next place, certain parts of the old law ought to be preserved for the settlement of the estates of persons who died before the new law came into operation, though proceedings were not commenced; because vested rights may have occurred under the old law, which ought to be regulated by it. Thus, for instance, the act of 1834, abolishes the former distinction, in the payment of debts, between specialty, and simple contract creditors, and puts them on a footing. Sec. 21. But this provision ought not to apply to the cases of persons dying before this act came into operation; if it should, the act would be retrospective, which it ought not to be. Therefore, the old law is to remain in force in such cases, for the settlement of estates and the adjudication of rights, attaching under the former act. But other parts of the new act, which are merely remedial, which affect no rights, but remove inconveniences, and enlarge the benefits of the law, ought to have immediate effect and operation; and this may fairly be intended to have been the meaning of the legislature. In remedial statutes every thing is to be done in advancement of the remedy, that can be done consistently, with any reasonable interpretations to be given to them. *Cowp.* 391. 3 *Dow.* 15. Sometimes the same statute, so far as it is penal, receives a strict construction, and so far as it is remedial is liberally construed. 1 *Burr.* 6. 7 *Co. Litt.* 238, *a*. It is no objection to legislative action, that it operates on pending cases, where it affects the remedy only, and

(In the Matter of Koch's Estate.)

touches no right, nor inflicts any forfeiture, penalty, or loss. 10 *Serg.* & *Rawle,* 101.  16 *Serg.* & *Rawle,* 35, 191.  1 *Binn.* 601.

In this case the distributees are unable to obtain the security required by the first decree of the Orphans' Court. But by the investment of the money under the act, justice will be done to all parties; the administrators will be secured, and the heirs will receive the interest, until they become entitled to the principal, by furnishing security or otherwise.  And there is no reason why a statutory provision, so just and beneficial in its effects, and so innocent in its character, should not be the rule of law, to regulate all cases, as well pending, as new ones, both by the letter and spirit of the act of 1834.

Decree accordingly.

The court made the following order.

It is hereby ordered, adjudged and decreed, that the decree of the Orphans' Court, so far as the same orders and decrees distribution to be made among the several distributees named in the report of the auditors, and decrees and orders the administrator to transfer into their respective names, their respective proportions, as reported by the auditors of the several stocks to be distributed, and to pay to them respectively, or to their agents duly appointed their respective proportions, of the money to be distributed as reported by the said auditors, be and the same is hereby confirmed; and that so much of the said decree or decrees, as directs the amount and nature of the security to be given by the said distributees, be and the same is hereby reversed, as being in the judgment of this court, not authorized by the law in force at the time when the said decrees were made by the said Orphans' Court: and this court proceeding further to do what to right and justice appertains in said case, hereby directs, orders and decrees as follows, that is to say, first, that the said Orphans' Court, do forthwith proceed to fix the amount, and nature of the security to be given, agreeably to the terms of the 41st section of the act of the 24th of February 1834, according to its discretion given by the said act.  Secondly, upon security being thus provided, to enforce the said decree of distribution, and, thirdly, to cause an account to be rendered and settled, of the profits, income or interest that have been, or ought to have been made, from the said stocks and moneys, since the said decree, and the same to be distributed among the said distributees, according to their respective rights and proportions.  And this court hereby remands the record to the Orphans' Court, for the purpose of executing the decree of this court, made as aforesaid, and of doing all such other matters in the premises, as in law and equity it may belong to the said Orphans' Court to do; and it is further ordered that the costs of this proceeding be paid out of the fund.