(Adle *v.* Sherwood.)

---

[PHILADELPHIA, APRIL 17, 1838.]

## ADLE *against* SHERWOOD.

### IN ERROR.

1. Where an act of assembly appointed certain commissioners to open certain streets, &c. in the borough of N. and directed that they should make report to the Quarter Sessions, with a plan of the streets, and on its approval by the Court, that the plan should be recorded, and a certified copy of it be evidence ; and the commissioners proceeded to execute the power, and made report to the Quarter Sessions, which was approved, but the report was not recorded, and was lost, and an action of trespass was brought by an owner of land, against the street commissioner for opening a street through his close, and after the commencement of the suit an act of assembly was passed, which directed that a certain plan in the clerk's office should be recorded, and admitted in evidence in all cases in which the said report would be, &c., it was *held*, that the last act was valid, and admissible in evidence in the action.

2. If an act of assembly contain different subjects it is not necessary that the whole act should be certified in order to make it admissible in evidence.   It is sufficient to produce those sections which relate to the matter in question.

3. In trespass for breaking the plaintiff's close, the defendant justified under an order of the Court of Quarter Sessions, which directed the [*482]   opening of a certain street through *the plaintiff's land, the defendant being a commissioner of streets: *Held*, that the order was a sufficient justification to the officer, and that the validity of the order could not be inquired into in that action.

(Adle v. Sherwood.)

On a writ of error to the Common Pleas of Montgomery county, it appeared that Samuel Sherwood brought an action of trespass *quare clausum fregit*, &c. against Jacob Adle to the term of May, 1836.

The defendant pleaded not guilty, and a justification, viz. an order of the Court of Quarter Sessions for the widening of a certain street in the borough of Norristown, called Penn street, the defendant being a street commissioner.

On the trial before Fox, President, on the 22d of May, 1837, the plaintiff proved the trespass, which consisted in removing a fence on the plaintiff's land bounding on the street; so as to widen the said street.

The defendant proved his appointment as a street and road commissioner, and gave in evidence the order of the Court of Quarter Sessions and a resolution of the Town Council directing the opening of the street.

It appeared that by an act of assembly, passed on the 24th of February, 1834, entitled "An act for the improvement of the borough of Norristown, in the county of Montgomery," certain commissioners were appointed to lay out additional streets and to vacate and widen existing streets. The commissioners were directed to make report of their proceedings to the Court of Quarter Sessions with a plan of all the streets, &c., which report, when approved and confirmed by the Court, was to be recorded in the recorder's office of Montgomery county, and a certified copy thereof was declared to be evidence in all matters in which it might be pertinent. The act also provided for the assessment and payment of damages to all persons who might be injured by the opening or widening of any street, &c. At a Court of Quarter Sessions held on the 20th of August, 1834, the commissioners made a report, in which, among other matter, they set forth the widening of Penn street. This report was finally confirmed, on the 29th of May, 1835, and the Court ordered the said street to be widened accordingly. On the 3d of April, 1837, an act of assembly was passed, entitled "An act authorising the chief burgess of the borough of Sunbury, to sell and convey a portion of the bank of the river opposite said borough, and relative to the boroughs of Carlisle, New Alexandria, Reading, and Hollidaysburg, and for other purposes." The 9th section of this act, after reciting that the commissioners appointed by the act *of 24th of February, 1834, had laid out certain streets, [*483] and widened others, and had made report to the Court of Quarter Sessions, accompanied with a plan or plot of the streets, &c., but that the report was not recorded agreeably to the directions of the act, and had been mislaid or lost by the clerk of the Court, proceeded to enact that the plan of the streets, &c.,

(Adle *v.* Sherwood.)

signed by the commissioners, and filed in the office of the clerk of the said Court on a reduced scale, should be recorded by the clerk, and that certified copies of the same, &c. should be evidence in all cases in which the same should be pertinent, &c.

The defendant offered in evidence that section of the act with its preamble, duly certified under the seal of the commonwealth. The learned judge, however, refused to allow it to be read; and the defendant's counsel excepted to the decision.

The defendant then gave in evidence an order of the Court of Quarter Sessions, directing the widening and opening of Penn street, and also, the plot or draft of the borough of Norristown, on file in the Court of Quarter Sessions, pursuant to the act of 24th of February, 1834.

The Court charged the jury, that the matters given in evidence did not make out a sufficient justification on the part of the defendant. That the order of the Court of Quarter Sessions, directing the widening and opening of Penn Street, and the plot or draft of the borough given in evidence, were proper to be considered in mitigation of damages, but did not make out the plea of justification; nor was the circumstance of the defendant being street and road commissioner, and doing the act by the authority and direction of the Town Council of the borough, sufficient to exonerate him from the action.

The jury found for the plaintiff; and the defendant removed the record by writ of error, and assigned for error the rejection of the evidence offered, and the charge of the Court.

Mr. *Freedly* and Mr. *Sterigere* for the plaintiff in error, cited, *Tate* v. *Stoolfoos,* (16 Serg. & Rawle, 37); *Underwood* v. *Lilly,* (10 Sergeant & Rawle, 101); *Satterlee* v. *Mathewson,* (16 Sergeant & Rawle, 169); *Hess* v. *Wertz,* (4 Sergeant & Rawle, 364); *Calder* v. *Bull,* (3 Dall. 396); *Barnet* v. *Barnet,* (15 Serg. & Rawle, 73); *Mercer* v. *Watson,* (1 Watts, 330); *Commonwealth* v. *Duane,* (1 Binney, 601); *Turnpike Co.* v. *Phillips,* (2 Penn. Rep. 184).

Mr. *Powell, contra,* cited *Turnpike Co.* v. *Ogle,* (13 Serg. & Rawle, 256).

[*484]      *ROGERS, J. delivered the opinion of the Court.

A retrospective law, which does not impair the obligation of a contract, nor is in its nature *ex post facto,* is constitutional. This has been decided in repeated cases. On this point it is sufficient to refer to the authorities in our own books. *Underwood* v. *Lilly,* (10 Serg. & Rawle, 101,) *Tate and Wife* v. *Stoolfoos and Others,* (16 Serg. & Rawle, 37,) *Mercer* v. *Watson,*

(Adle *v*. Sherwood.)

(1 Watts, 330,) and *Satterlee* v. *Mathewson*, (16 Serg. & Rawle, 169.)* The legislature are in the constant practice of passing confirmatory acts; and laws remedying the inconvenience which arises from the loss or destruction of records, are of frequent occurrence. They neither impair contracts nor are they *ex post facto ;* and when the power which is vested in the legislature is cautiously exercised, they undoubtedly promote the ends of justice. But it is said, that the whole act was not certified; but as the act related to several distinct subjects, and so much as pertains to the matter in point was certified in due form, we deem it sufficient. It is immaterial, so far as the first question is involved, that the plan on a reduced scale, was not entered on the record. This would have rendered a certified copy of the plan, evidence, but I cannot perceive any reason arising from the omission, why the act of the legislature, which supplies the loss of the record, should not be allowed to be laid before the jury. The objection, if any, should have been rather to the effect of the act, than to its admissibility in evidence.

But granting that the act was properly rejected, yet the Court erred in their direction to the jury.

It is a general rule of pleading, that when a·party justifies a trespass, under an authority given, he must show that authority. There is a difference, however, in this respect, where the justification is under judicial process, between the party to a cause and a mere stranger, and the officer who executes the process of the Court. The party to the cause, or a mere stranger, must set forth in their plea, the judgment as well as the writ; but the officer need only show the writ under which he acted, for he is bound to execute the process of the Court, having competent jurisdiction, without inquiring after the judgments. Ministers of justice, executive as well as judicial, in the execution of their offices, are under the peculiar protection of the law. *Burton* v. *Cole*, (Carth. 443); *Turner* v. *Pringle*, (1 Lev. 95); *Cole* v. *Mitchell*, (3 Lev. 20). Here the order was issued by a Court, having jurisdiction of the subject-matter. The officer was bound to look to the order. It was not his province to decide upon its legality but to obey its directions; under the penalty of an indictment. That a report was made by the commissioners to the Quarter Sessions, in conformity to the directions of the act and confirmed by the Court, and that it was lost or destroyed, would also seem not to admit of doubt. At any rate this was a matter which was inquired into, before the Court issued *the [*485] order; and even if they were mistaken, the mistake can-

* See also 9 Casey, 98 ; 12 Id. 56 ; 2 P. F. Smith, 477.

not be corrected in a suit against the officer, who in pursuance of his duty, executed the process.

Judgment reversed, and a *venire de novo* awarded.

Cited by Counsel, 10 Watts, 65; 2 Watts & Sergeant, 40; 5 Id. 172; 5 Barr, 148; 9 Harris, 245; 12 Id. 113; 3 Wright, 158; 7 Id. 513; 2 Parsons, 422.

Cited by the Court, 2 Barr, 256; 7 P. F. Smith, 438.