DAVID N. FALES & al. *versus* PELEG WADSWORTH.

The Rev. Stat. c. 44, § 12, making the protest of an inland promissory note evidence of the facts therein stated, applies as well to protests made before as after the act went into operation; and is not in that respect unconstitutional.

ASSUMPSIT upon a promissory note, dated Jan. 1, 1841, for $414,13, signed by Butterfield & Barker, and payable to the defendant, by whom it was indorsed, in ninety days and grace, at either of the banks in Portland.

To sustain his action the plaintiff offered in evidence the protest by Henry Ilsley, jr. a notary public for the County of Cumberland in this State, dated April 3, 1841, before the Rev. Stat. went into effect as laws. The counsel for the defendant objected to the introduction of this paper, and contended, that it was not legal evidence to prove demand or notice. It was admitted.

In defence, testimony from the makers of the note, Butterfield & Barker, was offered for the purpose of disproving the statements contained in the protest.

The parties to the suit admitted, that the makers and indorser of the note, at the time it was made, and when it became due, resided in Hiram, in this State; and they submitted to the decision of the Court, as matter of fact, whether that testimony was sufficient to disprove the statements in the protest.

If the protest was rightly admitted in evidence, and the

facts did not constitute a good defence, the defendant was to be defaulted ; otherwise the action was to stand for trial.

*A. R. Bradley*, for the plaintiffs.

*Codman & Fox*, for the defendant.

The opinion of the Court was by

WHITMAN C. J. — The note of hand, declared upon in this case, was made payable at either of the banks in Portland. When at maturity, on the last day of grace, it is stated in the protest of Henry Ilsley, jr. notary public, that he demanded payment of the same at the Canal Bank, which is a bank established in Portland, and was answered by the cashier, that there were no funds there for the purpose. The notary further states, that, afterwards, on the same day, he sent a written notice of the dishonor, by mail, to the defendant at Hiram, Me. By the Revised statutes, c. 44, § 12, it is enacted, that " the protest of any foreign or inland bill of exchange, or promissory note, or order, duly certified by any notary public, under his hand, and official seal, shall be legal evidence of the facts stated in such protest, as to the same, and, also, as to the notice given to the drawer or indorser, in any Court of law." The defendant is the indorser who was notified as stated in the protest.

The defence is, that the above enactment was passed after the making of the above protest, and therefore does not apply to the case; and that the notarial certificate is disproved by other evidence, referred to in the statement of facts ; and that there is no evidence that the plaintiffs were ever the holders of the note. The two latter objections may be disposed of at once. There is not a particle of testimony, actually in conflict with the notarial certificate, that a demand was made at the bank, and that notice was despatched to the defendant as therein stated. The evidence referred to is, that a written notice or demand, was handed to one of the makers, two days after the dishonor ; and that a similar demand or notice was handed, by mistake, to the witness, about the first of April, and was returned, after the note fell due, to the notary. As

before observed, this could have no tendency to prove, that demand of payment was not made at the bank, where the note was payable, or that notice was not duly forwarded to the defendant. And as to the ownership of the note by the plaintiffs, it is sufficient, so far as the defendant is concerned, that they have commenced a suit upon it, and have the control of it, for aught that appears to the contrary.

As to the first ground of defence, it depends on whether the statute affects the rights of the defendant, or only the mode of proceeding. In whatever the defendant might have a vested right, it would not be competent for the legislature to violate it. But no one can have a vested right in a mere mode of redress provided by statute. The legislature may at any time repeal or modify such laws. They may prescribe the number of witnesses, which shall be necessary to establish a fact in Court, and may again, at pleasure, modify or repeal such law. And so they may prescribe what shall, and what shall not be evidence of a fact, whether it be in writing or oral; and it makes no difference whether it be in reference to contracts existing at the time or prospectively. When the statute against usury was enacted, it was provided, that a defendant might be a witness for himself, in a certain contingency, to prove that ground of defence. It was never questioned that it did not apply to demands existing before, as well as subsequent to the passage of the act. And the cases are numerous in which such a principle has been recognized. The case of *Wright* v. *Oakley & al.* 5 Met. 400, is lucid and full upon the subject. We therefore think that the plaintiffs have made out a *prima facie* case; and that nothing has been shown on the part of the defendant to affect it.

*A default must be entered,*
*and judgment accordingly.*