554     BURBANK *et al.* *v.* THE PEOPLE *ex rel.* [Sept. T.

Opinion of the Court.

EDWARD A. BURBANK *et al.*

*v.*

THE PEOPLE *ex rel.* Rumsey, Collector.

1. TAXES—*must be assessed under law in force.* A city tax levied upon an assessment made under a law after its repeal, and not in accordance with the law in force at the time, is invalid, and its collection can not be enforced.

2. SAME—*collector's report—constitutionality.* The statute making the collector's report to the county court, on application for judgment against lands for taxes, *prima facie* evidence that all the requirements of the law have been complied with in the assessing and levying of the taxes therein returned as unpaid, is not unconstitutional.

WRIT OF ERROR to the County Court of Cook county; the Hon. MARTIN R. M. WALLACE, Judge, presiding.

Mr. EDWARD ROBY, for the plaintiffs in error.

Per CURIAM : This was an application by the county collector of Cook county for judgment for the delinquent municipal taxes assessed and levied by authority of the city of Chicago for the years 1869, 1870, 1871, and 1872, respectively, and for the delinquent water assessments levied under the provisions of the charter of the said city of Chicago, for the year ending May 1, 1872.

Some fifteen specific objections were urged by plaintiffs in error against the rendition of judgment, but they were all overruled, and judgment was rendered as asked by the county collector.

This case is analogous to *Andrews* v. *The People,* 75 Ill. 605. Here, as there, the taxes for the year 1872 were levied by the city upon an assessed valuation, made by persons assuming to act as city assessors, after the 1st day of July, 1872 ; and the tax was not levied in conformity with the provisions of the general Revenue law in force July 1, 1872. Upon the authority of that case the assessment was invalid, and the court below erred in ruling otherwise.

A question is also made in the present case, as was made in *Andrews* v. *The People, supra,* in regard to the taxes prior to 1872. We are asked to reconsider the objection urged against the constitutionality of the act in regard to the assessment and collection of taxes in incorporated towns and villages for the year 1872, and prior years, (Laws of 1873, p. 38, secs. 3–5,) so far as the same makes the statement in writing made to the county collector, on application for judgment, etc., *prima facie* evidence that all the requirements of the law have been complied with in the assessing and levying of the taxes therein returned as unpaid, etc.

We are still of opinion that the constitutional power of the General Assembly to prescribe rules of evidence is well settled.

The classes of cases in which this doctrine has been recognized are numerous. A reference to a few of the more important of the cases will be sufficient. *Kendall* v. *Kingston,* 5 Mass. 524; *Ogden* v. *Saunders,* 12 Wheaton, 213, 262, 349; *Pillow* v. *Roberts,* 13 Howard, 472, 476; *Callanan* v. *Harley,* 93 U. S. 387; *Herd* v. *Ballou,* 2 Kernan, 541; *Webb* v. *Deuer,* 17 Howard, 576; *Fales* v. *Wadsworth,* 23 Me. 553; *Holmes* v. *Hunt,* 122 Mass. 505; *Matthews* v. *Offley,* 3 Sumner, 115, 123; *Commonwealth* v. *Thurlow,* 24 Pick. 374; *Commonwealth* v. *Kelley,* 10 Cush. 69; *Forbes* v. *Halsey,* 26 N. Y. 53; *Graves* v. *Bruen,* 11 Ill. 431; *Sullivan* v. *City of Oneida,* 61 id. 249; *Townsend* v. *Radcliffe,* 63 id. 11; *Illinois Central Railroad Co.* v. *Phillips,* 55 id. 194; *Roby* v. *City of Chicago,* 64 id. 447.

But, for the error indicated, the judgment is reversed and the cause remanded.

*Judgment reversed.*