BEEBE v. BIRKETT.

EQUITY PRACTICE—APPEAL—STATUTORY CONSTRUCTION.
Act No. 186, Pub. Acts 1895, extending the time for settling cases in chancery, deals with procedure only, and therefore applies to both pending and future cases

Motion to dismiss appeal. Submitted January 7, 1896. Denied January 28, 1896.

N. Maria Beebe filed a bill in the circuit court for the county of Livingston, in chancery, against Thomas Birkett, to procure the discharge of certain mortgages. The cause was heard before Judge Dodds, and a decree entered for complainant, from which defendant appealed. Complainant moves to dismiss.

*Edwin F. Conely*, for the motion.

*Dennis Shields, contra.*

HOOKER, J. A decree in favor of complainant was signed July 28, 1895, and filed July 31st, proofs having been taken in open court. On November 2d the case was settled under circumstances which we think justified the circuit judge in settling the same, unless the statutory period had expired. This depends upon which of two statutes is to govern the case.

Under 3 How. Stat. § 6647, the circuit court had power to extend the time within which to settle a case for a period not exceeding three months from the date of entering the decree.  At its 1895 session the legislature passed an act entitled "An act to provide for the examination of witnesses in open court in causes in chancery, and for the settlement of the evidence taken upon such examination and hearing; and for the settlement of a case where the evidence is taken before a circuit court commissioner,"—being Act No. 186, Pub. Acts 1895.  The important changes made by that act were—*First*, to provide for the settlement of a case where proofs were not taken in open court; *second*, to increase the period for settling a case to four months, instead of three.  This act took effect on August 29, 1895, and it is claimed by counsel for the appellee that it has no application to this case, and that it was necessary that the case should be settled within three months, as provided by the former statute, and he has therefore moved to dismiss the appeal.

The new act does not in express terms repeal the old, but it seems to cover the same ground as the old, with the exception mentioned.  In our opinion, it was intended to supplant the other; and the only question here is whether it extends to pending cases, or whether they shall be governed by the former practice.  It is certain that this act of 1895 should not be given retroactive effect, if vested rights were to be thereby affected; but a particular remedy is not necessarily a vested right.  *Costa Rica v. Erlanger*, 3 Ch. Div. 69; *Berry* v. *Clary*, 77 Me. 482. It is a general rule that an act dealing with procedure, only, applies, unless the contrary intention is expressed, to all actions falling within its terms, whether commenced before or after the enactment.  *Singer* v. *Hasson*, 50 Law T. (N. S.) 326; *In re Koch's Estate*, 5 Rawle, 338; *City of Indianapolis* v. *Imberry*, 17 Ind. 175.  An act giving appeals from certain enumerated judgments and orders applies to such judgments and orders made prior to its passage.  *McNamara* v. *Railway Co.*, 12 Minn. 388.

The following cases seem to support this rule: *Bensley* v. *Ellis*, 39 Cal. 309; *Willis* v. *Fincher*, 68 Ga. 444; *Slocum* v. *Fayette Co.*, 61 Iowa, 169; *Larkin* v. *Saffarans*, 15 Fed. 147; *Rosenthal* v. *Wehe*, 58 Wis. 621; *Gill* v. *Wells*, 59 Md. 492; *Walston* v. *Com.*, 16 B. Mon. 15; *State* v. *Manning*, 14 Tex. 402; *People* v. *Mortimer*, 46 Cal. 114.

Our conclusion is that the act, being one affecting procedure merely, is of general application to pending as well as prospective cases. This view maintains uniformity of practice, and we think it in keeping with the weight of authority.

The motion is denied, with costs.

The other Justices concurred.