BENTLEY *v.* WAYNE CIRCUIT JUDGE.

1. DIVORCE—DESERTION.

Under 2 How. Stat. § 6228, providing that a divorce may be decreed when either party shall desert the other for a term of two years, the cause for divorce does not "arise" until the desertion has been completed by abandonment for the statutory period.

2. SAME—NONRESIDENT DEFENDANT—SERVICE OF PROCESS.

Therefore, under Act No. 202, Pub. Acts 1895, providing that no decree of divorce shall be granted unless the defendant be domiciled within the State, or shall have been domiciled therein at the time the cause for divorce "arose," or shall have been personally served with process within this State, or with copy of the order of publication, or shall have voluntarily appeared, it is necessary, in order to confer jurisdiction upon the court to render a decree for divorce on the ground of desertion against a defendant who became a nonresident before the two years of abandonment were completed, that personal service should be obtained.

3. SAME—FAILURE TO SUPPORT.

It is not essential to the jurisdiction in such case, however, that the defendant should be so served, where failure to support is alleged as a ground for divorce.

*Mandamus* by Dora M. Bentley to compel George S. Hosmer, circuit judge of Wayne county, to proceed with the hearing of a divorce suit brought by the relator, and to render a decree therein. Submitted October 6, 1896. Denied October 20, 1896. Submitted on rehearing November 10, 1896. Writ granted December 24, 1896.

*Sheridan J. Colby,* for relator.

PER CURIAM. The relator filed her bill in chancery in the circuit court for the county of Wayne to obtain a divorce on the ground of desertion. Her husband was a nonresident of the State, and the usual order of publication was made, and published for the statutory time. An order *pro confesso* was entered, and proofs taken in open court. While testimony was being taken, it was disclosed that there had been no personal service upon the defendant, and therefore the court refused to proceed further, or to render any decree, holding that it had no jurisdiction, under Act No. 202, Pub. Acts 1895. This act provides that—

"No decree of divorce shall be granted in any case unless the defendant be domiciled within this State, or shall have been domiciled herein at the time the cause for divorce arose, or unless the defendant shall have been personally served with process in this State, or with copy of the order of publication in said cause, or has voluntarily appeared in such action or proceeding."

Divorce proceedings are purely statutory, and the statute must be complied with in order to confer jurisdiction upon the court. Complainant had not brought herself within the statute. She had not shown that her husband was domiciled in this State at the time the cause for divorce arose. No cause arose until the desertion was completed by abandonment for two years. At that time he had become a nonresident. The defendant had not been personally served with the order of publication.

The writ will be denied.

ON REHEARING.

PER CURIAM.   Upon the former hearing of this case our attention was not called to the fact that one of the grounds of divorce was failure to support.   It therefore appears that the cause for divorce arose when the defendant was domiciled within the State, and therefore the case does not come within that provision of the statute requiring personal service of process, or of a copy of the order of publication.

The writ will therefore issue as prayed.