## JUDD v. JUDD.

DIVORCE—ALIMONY—REFUSAL TO PAY—CONTEMPT—RETROSPECTIVE STATUTE.

> Act No. 230, Pub. Acts 1899, giving the circuit court the power to punish as for contempt a person refusing to comply with an order for the payment of alimony, relates only to the remedy, and therefore applies to a defendant in a divorce suit wherein the decree for divorce and alimony was rendered prior to the passage of the act.

Appeal from Kent; Grove, J.   Submitted October 9, 1900.   Decided November 13, 1900.

Petition by Nellie Post Judd against George E. Judd to punish defendant as for contempt for refusing to pay alimony. From a decree dismissing the petition, petitioner appeals. Reversed.

*Hyde, Earle & Thornton,* for petitioner.

*G. H. Albers,* for defendant.

MOORE, J. On September 9, 1898, the complainant was granted a decree of divorce from defendant. She was given the custody of Edwin Eugene Judd, one of the children of said parties. The decree, in addition to other things, provided for the payment by defendant to complainant of $75 on the 1st day of each month, for permanent alimony, for the support of the complainant and the child. The defendant complied with the terms of said decree until April 1, 1899, when he paid only $50 a month. On the 8th of said month complainant caused a copy of said decree to be served on defendant, with a demand for the payment of the balance due under the decree. This demand was not complied with. The complainant filed a petition setting up the facts, and praying that the body of the said defendant might be attached, and for other relief. The defendant answered to said petition. After a hearing of the matter, the court found that there was no valid excuse for the refusal by the defendant to pay the alimony as decreed by the court, and that the complainant could not enforce the decree by the writ of *fieri facias,* and made an order for the sequestration of the property of defendant, but refused to attach the body of defendant. Nothing was realized by complainant as the result of this proceeding. On the 9th of October, 1899, complainant again caused a demand to be made upon defendant for the payment of the $25 a month, which had been held back by him each month. He did not comply with the demand. She then filed a petition asking that he might be punished for contempt of court. The petition showed that defendant was in the receipt of $157.50 per month

from the United States government, and $125 per month from the State. The defendant then moved to dismiss the petition for the following reasons:

1. Because the facts set forth in the petition do not constitute a contempt of court, and do not authorize proceedings as for contempt.

2. Because the said order to show cause is made in reference to a decree of this court made on the 9th day of September, 1898, before the passage of Act No. 230 of the Public Acts of 1899, and said last-mentioned act has no reference thereto.

3. Because final decrees in divorce cannot be enforced by contempt proceedings.

The circuit judge dismissed the petition.

Many questions are raised by the record, but, as we think one of them disposes of the case, the others will not be discussed. Act No. 230, Pub. Acts 1899, was approved June 9, 1899. So far as important here, it reads as follows:

"SECTION 1. Every court of record shall have power to punish by fine and imprisonment, or either, any neglect or violation of duty, or any misconduct, by which the rights or remedies of a party in a cause or matter depending in such court, or triable therein, may be defeated, impaired, impeded, or prejudiced in the following cases."

"SEC. 3. Parties to suits, attorneys, counselors, solicitors, and all other persons, for the nonpayment of any sum of money ordered by such court to be paid, in cases where by law execution cannot be awarded for the collection of such sum; the disobedience of [or] refusal to comply with any order of such court for the payment of alimony, either permanent or temporary, made in any suit for divorce; and any other disobedience to any lawful order, decree, or process of such court."

There can be no doubt that, if the terms of that act apply to the facts of this case, it is within the provisions of the act. It is claimed by the solicitor on the part of the defendant that, as the decree was entered before this act was passed, this case is not within its provisions. It is said that the statute is penal in its nature, and is not retrospective. His position, as found in the brief, is:

"The legislature has no power to enact laws which in effect can enhance or diminish the rights which a party secures by a judgment or a decree.   Wade, Retro. Laws, § 171, lays down the following rule:

" 'The rights secured to either party to a suit by an adjudication of the matter in controversy between them are proprietary rights, which the constitution will protect.   The legislature has no power to set aside a judgment, or authorize courts to set aside those rendered anterior to the statute, for any cause that would have been insufficient when the judgment was rendered.   So, a statute allowing interest on judgments was held not to apply to such as had been rendered prior to its enactment.   The rights secured by the judgment are such as the law gives to the prevailing party when it is rendered.   To materially enhance or diminish those rights is to work a deprivation of the rights of one or other of the parties. In *Atkinson* v. *Dunlap*, 50 Me. 111,   *   *   *   it was held that a statute allowing previously-adjudicated cases to be opened by a petition for review, if retrospective, and intended to apply to cases in which existing remedies had been exhausted, and the judgments had become final by the expiration of the time limited for appeals or reviews, was manifestly unconstitutional.' "

It is true, the legislature cannot interfere with vested rights; but is the act in question an interference with vested rights?   It does not change the amount of the decree.   It does not increase the liability of defendant.   It simply provides a remedy for the collection of a decree which defendant is legally and morally bound to pay. Can it be said that one has a vested right to disobey a decree of court?   In End. Interp. Stat. § 285, it is said:

" No person has a vested right in any course of procedure, nor in the power of delaying justice, or of deriving benefit from technical and formal matters of pleading.   He has only the right of prosecution or defense in the manner prescribed for the time being by or for the court in which he sues; and, if statute alters that mode of procedure, he has no other right than to proceed according to the altered mode.   The remedy does not alter the contract or tort.   It takes away no vested right; for the defaulter can have no vested right in a state of the law which left the injured party without, or with only a defective, remedy."

At section 287 it is said:

"In this country the general rule seems to be, in accord-

ance with the English, that statutes pertaining to the remedy (*i. e.*, such as relate to the course and form of proceedings for the enforcement of a right, but do not affect the substance of the judgment pronounced, and neither directly nor indirectly destroy all remedy whatever for the enforcement of the right) are retrospective, so as to apply to causes of action subsisting at the date of their passage. A few illustrations will serve to elucidate the application of this rule: A statute giving to plaintiff suing for purchase money of land a lien thereon in the vendee's hands, and authorizing a proceeding *in rem* against the same, in addition to a personal judgment against the defendant, was held to apply to causes of action existing at the date of the passage of the enactment."

In *Coosa River Steamboat Co.* v. *Barclay*, 30 Ala. 120, the court used this language:

"The legislature may alter, enlarge, modify, or confer a remedy for existing legal rights without infringing any principle of the constitution. *People* v. *Tibbets*, 4 Cow. 384; *Baugher* v. *Nelson*, 9 Gill, 299 (52 Am. Dec. 694); *Read* v. *Frankfort Bank*, 23 Me. 318; *Woods* v. *Buie*, 5 How. (Miss.) 285; *Fales* v. *Wadsworth*, 23 Me. 553; *Woodfin* v. *Hooper*, 4 Humph. 13; *Fisher* v. *Lacky*, 6 Blackf. 373; *Knight* v. *Dorr*, 19 Pick. 48; *Com.* v. *Phillips*, 11 Pick. 28. * * * Statutes which relate alone to the remedy, without creating, enlarging, or destroying the right, operate generally on existing causes of action, as well as those which afterwards accrue. *People* v. *Tibbets*, 4 Cow. 384; *Baugher* v. *Nelson, supra; Bank of U. S.* v. *Longworth*, 1 McLean, 35 (Fed. Cas. No. 923); *Pratt* v. *Jones*, 25 Vt. 303; *Searcy* v. *Stubbs*, 12 Ga. 437; *Paschal* v. *Perez*, 7 Tex. 348; *Hope* v. *Johnson*, 2 Yerg. 125; *Maltby* v. *Cooper*, Morris (Iowa), 59; *West* v. *Creditors*, 1 La. Ann. 365; *Newton* v. *Tibbatts*, 7 Ark. 150; *Rockwell* v. *Hubbell's Adm'rs*, 2 Doug. 197 (45 Am. Dec. 246)."

It was held that an attachment authorized by an act taking effect after an injury complained of occurred was valid.

In *Lawrence R. Co.* v. *Mahoning County Com'rs*, 35 Ohio St. 1, it was held that the legislature cannot create a liability for acts as to which there was no liability

when they were committed, but, where a remedy exists, the legislature may change the remedy.

In *Green* v. *Anderson*, 39 Miss. 359, the court used the following language:

"It is not questioned that the legislature has the power to create new remedies, and to make them applicable to causes of action existing before the passage of the new act; but it is insisted that the statute in question does not, in terms, apply to antecedent transactions, and that the sound rule of construction in such cases is not to give the statute a retroactive effect, because it would work injustice and oppression to the interests involved. This is undoubtedly the true rule with reference to statutes impairing rights existing at the time of their passage, or creating new obligations or imposing new duties or attaching new disabilities in respect to transactions or considerations already past. Sedg. Stat. & Const. Law, 188. But it is different with regard to statutes relating merely to the remedy for wrongs or causes of action existing at the time of their passage; for not only is it settled beyond question that the legislature has the power to abolish old remedies for causes of action then existing, and to prescribe new ones in the same cases, but that such statutes should be construed liberally, to advance the remedy. Sedg. Stat. & Const. Law, 360, and cases cited. There can be no injustice or oppression in this, as there would be in the case of a statute which created a certain right, or made an act a wrong, which were not of that character when the statute was passed. In this case the statute simply gives the remedy of attachment in a case to which it did not before apply, but in which the plaintiff had another remedy. The language is general and unrestricted, and it must be presumed that the legislature intended to extend it to all cases, whether then existing or to arise thereafter, embraced within the terms prescribed, and that it was considered that the pre-existing remedy for the wrong was inadequate. The statute appears to be just and salutary, and to extend the remedy to a class of cases to which the pre-existing remedies were frequently inadequate."

This case was approved and followed in *Excelsior Manfg. Co.* v. *Keyser*, 62 Miss. 155. See Cooley, Const. Lim. (6th Ed.) 460; note to Potter's Dwar. Stat. p. 164;

*In re Miller*, 110 Mich. 676 (68 N. W. 990, 64 Am. St. Rep. 376).

We think the learned circuit judge was wrong in thinking that the provisions of the statute do not apply. The decree of the court dismissing the petition is reversed, the petition is reinstated, and the court is directed to proceed to act thereunder. The complainant will recover costs of both courts.

The other Justices concurred.