$\overline{128}$   $\overline{315}$
140   559

### JAMISON *v.* RAMSEY.

DIVORCE—DESERTION—NONRESIDENT DEFENDANT—JURISDICTION—OPERATION OF STATUTE.

> By 3 Comp. Laws, § 8621, desertion for two years is made ground for divorce. Act No. 202, Pub. Acts 1895, prohibited the granting of a divorce against a nonresident defendant on substituted service, unless he should have been domiciled in this State at the time the "cause for divorce arose." Act No. 116, Pub. Acts 1897 (3 Comp. Laws, § 8624), provides that, where a divorce is asked for desertion, the desertion shall be deemed to have occurred in this State, when the parties were actually and in good faith domiciled in this State at the time of the abandonment. *Held,* that the act of 1897 might be invoked to justify a decree, though the bill was filed and publication had under the act of 1895.

Error to Ionia; Davis, J. Submitted April 17, 1901. Decided October 1, 1901.

*Assumpsit* by Emma O. Jamison against Samuel S. Ramsey for breach of promise of marriage. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

*McCormick & La Grou* and *A. A. Ellis*, for appellant.

*R. A. Hawley*, for appellee.

MOORE, J. This suit was brought by plaintiff against defendant for breach of promise to marry. The plea is the general issue, with notice that defendant would prove an offer on his part to carry out his agreement of marriage, which plaintiff refused to do, and that by reason thereof he was released from his engagement. The plaintiff offered evidence of an offer of marriage on the part of defendant, and an acceptance on the part of plaintiff; that the date of said marriage was set for the 1st day of October, 1898, and that she was then ready to carry out the

contract, and that the defendant refused so to do; that she had been before married, of which fact defendant was informed; and offered to prove by the records and files of the Kent circuit court, in chancery, in the case of Jamison against Jamison, that she had duly and legally obtained a divorce.

The bill was filed June 8, 1897. It alleged the marriage of complainant to Mr. Jamison in December, 1873, at Lowell, Mich.; that the parties lived and cohabited together from that time until December, 1894; that complainant, at the time of the filing of the bill, was a resident of the State, and had been continually since said marriage. It alleged defendant deserted complainant for a period of more than two years immediately prior to the filing of the bill. In June, 1897, Mrs. Jamison made an affidavit, stating, among other things:

"That said defendant is a nonresident, and resides out of the State of Michigan, and that it cannot be ascertained by her in what State or county said defendant resides; that the last she heard of or from said defendant was through a brother of his, to the effect that the said defendant was then at the city of Ft. Wayne, State of Indiana, and that such information was received several months ago; and that she has inquired of said defendant's own people, his father and mother, residing in the township of Bowne, in said county of Kent, to ascertain said defendant's whereabouts, and she says that he has not been residing in this State of Michigan for more than two years last past."

On June 11th an order of appearance and publication was entered in said cause, which was not personally served on defendant, but was published for six successive weeks in a newspaper printed, published, and circulated in the said county of Kent; the last of said publications being on July 30, 1897, and on that date the affidavit of publication was made and sworn to. November 15, 1897, an affidavit of regularity was filed, a hearing was had in open court, and a decree of divorce was granted. Objection was made to the introduction of these files and the

decree in evidence, which objection was sustained. A verdict was rendered in favor of defendant. The case is brought here by writ of error.

The sole question in the case is whether the court erred in holding the chancery court did not obtain jurisdiction to grant the decree. It is insisted that, as the bill of complaint was filed while the provisions of Act No. 202 of the Public Acts of 1895 were in force, the desertion was not complete, so as to constitute a cause of action, until two years had elapsed, and, as defendant was not a resident of the State when the two years elapsed, personal service was necessary to give the court jurisdiction; citing *Bentley* v. *Wayne Circuit Judge,* 110 Mich. 626 (69 N. W. 660).

It is true, the affidavit for the order of publication sets up, we think as a conclusion from information given complainant in answer to her inquiries, that defendant at that time was, and for two years had been, a nonresident of the State. The record does not disclose what testimony was taken before the circuit judge upon the hearing. It may have been shown to the entire satisfaction of the judge that the defendant was domiciled in the State during the entire period of desertion.

The causes for which divorce may be granted are to be found in sections 8621–8623, 3 Comp. Laws. They have remained the same since prior to 1894. Act No. 202 of the Public Acts of 1895 did not change the causes for divorce. It provided what must be made to appear before the decree should be granted. This law remained in force until August, 1897, when its place was taken by an amended section. Act No. 116, Pub. Acts 1897; 3 Comp. Laws, § 8624. This section provides what must be made to appear upon the hearing before a decree should be granted. Among the provisions contained in the later act was the following:

"In all cases where a divorce is asked on the ground of desertion, such desertion shall be deemed to have occurred and taken place in this State, for the purposes of

this act, when the parties, complainant and defendant, shall have been actually and in good faith domiciled in this State at the time the defendant actually abandoned the complainant."

The bill of complaint shows the parties were residents of this State when the desertion began. This fact is nowhere contradicted in the record. The act of 1897 does not change the causes for divorce, but does change the requirements which must be shown upon the hearing before a decree shall be granted. This law had been in effect some time when the decree of divorce was granted. At that time it was controlling. See *Beebe* v. *Birkett,* 108 Mich. 234 (65 N. W. 970); *State Sav. Bank* v. *Matthews,* 123 Mich. 56 (81 N. W. 918); *Judd* v. *Judd,* 125 Mich. 228 (84 N. W. 134). The court had jurisdiction to make the decree.

· The judgment is reversed, and a new trial ordered.

The other Justices concurred.