BRATTON *v.* TROJAN BOAT COMPANY

1. CORPORATIONS — JURISDICTION — FOREIGN CORPORATION — LONG-ARM STATUTE.

A foreign corporation which sells 7.9% of its products within the state of Michigan and which maintains a sales agent and three distributors in the state *held*, to have sufficient contacts within the state to give Michigan courts jurisdiction to try actions against the corporation arising from an explosion which occurred in Michigan aboard a pleasure boat manufactured by the corporation (MCLA § 600.715).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 36 Am Jur 2d, Foreign Corporations §§ 365–367.
   Products liability; in personam jurisdiction over nonresident manufacturer or seller under "long-arm" statutes. 19 ALR3d 13.
[3] 34 Am Jur, Limitation of Actions § 428.
[4] 34 Am Jur, Limitation of Actions § 255.
   Tolling of statute of limitations where process is not served before expiration of limitation period, as affected by statutes defining commencement of action, or expressly relating to interruption of running of limitations. 27 ALR2d 236.

2. CORPORATIONS—JURISDICTION—FOREIGN CORPORATION—SALES REP-
RESENTATIVE—STATUTE.

   The fact that a foreign corporation had a sales representative
   living in Michigan upon whom process could be served was not
   sufficient to confer on Michigan courts jurisdiction over the
   foreign corporation under applicable statutes before the Re-
   vised Judicature Act went into effect; therefore it cannot be
   said that the foreign corporation was present · and available
   for service of process in Michigan between the time an accident
   occurred in 1962 and the time the Revised Judicature Act went
   into effect on January 1, 1963 (CL 1948, §§ 609.17, 613.31).

3. ACTION—DEFENSES—STATUTE OF LIMITATIONS—BURDEN OF PROOF.

   The pleading of the statute of limitations by a defendant is an
   affirmative defense and the burden of proving it is upon de-
   fendant.

4. LIMITATION OF ACTIONS—DEFENSES—STATUTE OF LIMITATIONS—
TOLLING OF STATUTE.

   The inability of a county sheriff to serve personally a nonresi-
   dent defendant with a summons does not prevent the tolling
   of the statute of limitations when a summons is placed in the
   hands of the sheriff for immediate service; therefore plaintiff's
   action in delivering the original of a summons and copies of the
   complaint and summons to the Wayne County sheriff for im-
   mediate service upon a foreign corporation defendant was
   sufficient to toll the statute of limitations on a cause of action
   arising in Wayne County even though personal service could
   not reasonably be calculated to be accomplished by the Wayne
   County sheriff because he could not personally serve the de-
   fendant unless one of defendant's officers came to Wayne County
   (MCLA § 600.5856[3]).

Appeal from Wayne, Nathan J. Kaufman, J.
Submitted Division 1 June 3, 1969, at Detroit.
(Docket No. 3,530.) Decided October 1, 1969. Re-
hearing denied November 24, 1969. Application for
leave to appeal filed December 15, 1969.

Complaint by Ruth Bratton, for herself and as
special administratrix of the estate of George
Bratton, deceased, and by Carolyn Senay against
Trojan Boat Company, a foreign corporation, for
breach of warranty and negligence. Accelerated

judgment for defendant. Plaintiffs appeal. Reversed.

*Raymond L. Krell,* for plaintiffs.

*Sugar, Schwartz, Silver, Schwartz & Tyler,* for defendant.

Before: Holbrook, P. J., and McGregor and Bronson, JJ.

Holbrook, P. J. On or about July 22, 1962, plaintiffs were injured when a boat manufactured and sold by defendant foreign corporation to a third person, not a party to this suit, exploded in Lake St. Clair, when about 50 feet from Jefferson Beach Marina, Wayne county, Michigan.

Plaintiffs commenced suit against defendant foreign corporation in Wayne county circuit court on July 20, 1965, and on the same day left with the Wayne county sheriff's office original of the summons together with copies of the complaint and summons, for immediate service upon defendant. Plaintiffs' counsel requested the sheriff to send copies of the summons and complaint to the defendant corporation in Lancaster, Pennsylvania, by registered mail. On July 22, 1965, the sheriff sent the summons and the complaint by registered mail to the defendant as requested. The return receipt indicates that it was received by defendant on July 27, 1965. On August 13, 1965, defendant filed a motion to quash the service because defendant is a foreign corporation, not registered in Michigan and does not perform a continuous and systematic operation of its business within this State and therefore the court lacks jurisdiction of the person or the property. On August 16, 1965, counsel for plaintiffs

sent a copy of the summons and the complaint to
the sheriff in Lancaster county, Pennsylvania, for
personal service on the defendant which was duly
served on Mr. Hull, vice president, on August 24,
1965.

On September 2, 1965, defendant filed an amended
motion to quash service of summons and for accel-
erated judgment which reiterated the reasons stated
in the first motion and also asserted as a ground
for accelerated judgment the running of the statute
of limitations. It was claimed that proper service
was not accomplished within the 3-year period; that
service by registered mail is not sufficient under the
court rules; and personal service by the sheriff of
Lancaster county, Pennsylvania, on defendant,
August 24, 1965, was too late.

On September 15, 1965, the affidavit of Harper H.
Hull, vice president of the defendant, was filed in
support of the motion to quash service and for
accelerated judgment.[1]

---

[1] "Harper H. Hull, being duly sworn, deposes and says:
"1. That he is the executive vice-president of the Trojan Boat
Company of Lancaster, Pennsylvania, and that he makes this affidavit
of his own knowledge and from the records of the Trojan Boat Com-
pany under his supervision in support of defendant, Trojan Boat
Company's motion to quash service of summons and for accelerated
judgment.
"2. That the Trojan boat in question, manufactured by defendant,
was sold pursuant to an order received from the Ecorse Boat Basin,
Inc., at Ecorse, Michigan, which order was received and accepted
in Lancaster, Pennsylvania in October of 1956 and said boat was
resold by Ecorse Boat Basin, Inc., in October of 1956 to one George
Dominic.
"3. That the Trojan Boat Company owns no property and main-
tains no offices in the state of Michigan.
"4. That approximately 7.9% of total current sales of the Trojan
Boat Company are shipped into the state of Michigan.
"5. That all orders for boats are received and accepted in Lan-
caster, Pennsylvania and are shipped F.O.B. Lancaster by independent
carriers.
"6. That Trojan Boat Company's regional salesman, M. S. Reilly,
in addition to covering the state of Michigan, covers also the states
of Indiana, Ohio, Wisconsin, Minnesota, Kentucky and portions of
New York, Illinois, Pennsylvania and West Virginia as well as the
Canadian provinces of Alberta, Manitoba, Quebec, Saskatchewan and

Plaintiffs asserted in their answer to the motion to quash and for accelerated judgment that defendant, through its sales agents, distributors and dealers carries on a systematic operation of its business within the state of Michigan; that the defendant had the necessary minimum contacts in Michigan to bring it within the jurisdiction of the Wayne county circuit court. Plaintiffs also denied that the statute of limitations was applicable in the case.

The trial judge, after hearing the motions, granted an accelerated judgment in favor of the defendant as to the adult plaintiffs, ruling in effect that the defendant was subject to the jurisdiction of the court under the long arm statute,[2] but that the statute of limitations had run before effective service had been obtained. We conclude that this is a proper interpretation of the court's ruling for it is stated in the opinion of the court in part as follows:

"In the actions by the minors, the statute of limitations does not run, because they are minors, and they can proceed. However, the defendant must file his answer to the bill of complaint with respect to those minor plaintiffs within 20 days from the date of the entry of the order."

In accordance with the ruling of the court, the defendant did file its answer to the complaint of the minor plaintiffs.

Ontario, and Mr. Reilly happens to reside in the city of Roseville, county of Macomb, state of Michigan, but maintains no regular sales office for the Trojan Boat Company.

"7. That none of the dealers selling Trojan Boat Company's boats are required to be exclusive dealers and Mr. Reilly's sole function as salesman is to call on boat dealers to encourage them to sell Trojan boats.

"8. That Mr. Reilly is not an officer or director of the Trojan Boat Company."

[2] MCLA § 600.715 (Stat Ann 1962 Rev § 27A.715).

The adult plaintiffs appeal and raise 3 questions for review which we restate and deal with in order.

1. *Did defendant foreign corporation have the minimum contacts in the state of Michigan necessary to be subject to the jurisdiction of its courts by selling 7.9% of its products within the state and by maintaining a sales agent and three distributors therein?*

The trial judge ruled that defendant was subject to the jurisdiction of the Wayne county circuit court under MCLA § 600.715 (Stat Ann 1962 Rev § 27A-.715), and cited the case of *Chovan* v. *E. I. DuPont De Nemours & Company* (ED Mich, 1963), 217 F Supp 808. We conclude that the court's ruling as to jurisdiction was proper under the facts in this case. *Woods* v. *Edgewater Amusement Park* (1969), 381 Mich 559.

2. *Prior to the enactment of the Revised Judicature Act, was defendant present and available for service of process in the state of Michigan pursuant to prior law so as to permit the running of the statute of limitations during the period from July 22, 1962, to January 1, 1963?*[3]

The statute of limitations effective at the time of the accident was CL 1948, § 609.13 (Stat Ann 1959 Cum Supp § 27.605) which provides in part as follows:

"All actions in any of the courts of this state shall be commenced within 6 years next after the causes of action shall accrue, and not afterward, except as hereinafter specified: *Provided, however,*  *  *  *

"2. Actions to recover damages for injuries to person or property  *  *  *  shall be brought within 3 years from the time said actions accrue, and not

[3] Effective date of the long arm statute (MCLA §§ 600.715, 600-.9911 [Stat Ann 1962 Rev §§ 27A.715, 27A.9911]).

afterwards." (Emphasis supplied in Statutes Annotated.)

CL 1948, § 609.17 (Stat Ann § 27.609) provided:

"If at the time when any cause of action shall accrue against any person, he shall be out of the state, the action may be commenced within the time herein limited therefor, after such person shall come into this state; and if after any cause of action shall have accrued, the person against whom it shall have accrued shall be absent from this state, any and all periods of absence in excess of two months at one time, shall not be taken as any part of the time limited for the commencement of the action."

Plaintiffs claim that defendant foreign corporation was out of the state at the time the action accrued and therefore the period from July 22, 1962, to January 1, 1963, should not be considered as a part of the period in which the statute of limitations could run. Plaintiffs cite *McLaughlin* v. *Aetna Life Insurance Co.* (1922), 221 Mich 479, as authority for the rule that a foreign corporation failing to maintain a registered agent in the state for service of process bars a foreign corporation from claiming the benefit of the statute of limitations.

" 'No presumption will be indulged that the corporation has been at all times amenable to process so as to enable it to take advantage of the domestic statute of limitations.'

"It is supported by our own cases. [Citing cases.] The burden was on defendant to show that it was domiciled in this State." *McLaughlin* v. *Aetna Life Insurance Co., supra,* pp 484, 485. (Emphasis in *McLaughlin.*)

CL 1948, § 609.17 (Stat Ann § 27.609) has been repealed and in its place, PA 1961, No 236, § 5853

(MCLA § 600.5853 [Stat Ann 1962 Rev § 27A.5853])
was enacted and it provides as follows:

"If any person is outside of this state at the time
any claim accrues against him the period of limita-
tion shall only begin to run when he enters this
state unless *a means of service of process sufficient
to vest the jurisdiction* of a Michigan court over him
was available to the plaintiff." (Emphasis sup-
plied.)

In the committee notes appearing in 23 Stat Ann
1962 Rev it is stated on p 124 as follows:

"Section [27A.5853] is based on CL 1948, § 609.17
(Stat Ann § 27.609). However, the section allows
the period of limitations to run in those cases where
the defendant is subject to the jurisdiction of the
Michigan court even though he is outside of the
state at that time. Since this exception is based on
the fact that the court could not acquire jurisdiction
over an out-of-state defendant in most cases it seems
most reasonable to allow the period of limitations
to run in those cases where the court is able to
acquire jurisdiction over the defendant."

The defendant asserts that service could have
been had by serving its sales representative who
lived in' Macomb county for the entire period in
question or upon one of its distributors, separate
corporations in the metropolitan Detroit area, pur-
suant to CL 1948, § 613.31 (Stat Ann § 27.761)
which reads in part:

"In all cases where suit is brought against a
foreign corporation, process may be served upon
any officer or agent of such corporation within this
state, and any person representing such corporation
in any capacity, shall be deemed an agent within the
meaning of this section."

The basis of jurisdiction over a foreign corporation is not contained in this section of the statute. It merely sets a foundation for the manner in which this service may be effected if jurisdiction is acquired over the corporation. Ability to serve the sales agent or distributors of defendant's boats that may effect service on an agent may not be sufficient, for there was no showing that the necessary jurisdiction over the defendant would have been obtained thereby. We construe CL 1948, § 609.17 (Stat Ann § 27.609) to mean the same as PA 1961, No 236, § 5853 (MCLA § 600.5853 [Stat Ann 1962 Rev § 27A.5853]). Further, defendant was absent from the state for the period, under *McLaughlin* v. *Aetna Life Insurance Co., supra.*

The pleading of the statute of limitations by the defendant was an affirmative defense and the burden of proving it was upon the defendant for it asserted the affirmative of the issue. Defendant was required to prove the facts essential to effectuate the bar. *White* v. *Campbell* (1872), 25 Mich 463; *Sproat* v. *Hall* (1915), 189 Mich 28; *Tumey* v. *City of Detroit* (1947), 316 Mich 400. The tolling of the statute of limitations for the period from the date of the accident, July 22, 1962, to January 1, 1963, when the long arm statute became effective, PA 1961, No 236 §§ 715, 9911 (MCLA §§ 600.715, 600.9911 [Stat Ann 1962 Rev §§ 27A.715, 27A.9911]) cannot be reviewed on this appeal because that issue was not determined by the trial court.

3. *Was the statute of limitations tolled when plaintiff delivered the original of the summons and copies of the complaint and summons to the sheriff of Wayne county for immediate service upon the foreign corporation defendant?*

We assume for the purpose of considering this issue that the statute began to run on this action

July 22, 1962. The applicable tolling statute, PA 1961, No 236, § 5856 (MCLA § 600.5856 [Stat Ann 1962 Rev § 27A.5856]) provides as follows:

"The statutes of limitations are tolled when

"(1) the complaint is filed and a copy of the summons and complaint are served on the defendant, or when

"(2) jurisdiction over the defendant is otherwise acquired, or when,

"(3) the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer for immediate service, but in this case the statute shall not be tolled longer than 90 days thereafter."

In the committee notes in 23 Stat Ann 1962 Rev, on pp 135, 136, appears the following:

"The mere act of filing a complaint should not toll the statute, as a matter of policy. The section does not accept the theory of the case as cited above. It is unrealistic to argue that defendants are put on notice of a lawsuit merely because a public court record exists to that effect. The defendant has a vital interest in being informed of the pendency of an action against him. Thus we have sought to enable a plaintiff to avoid the bar of a statute of limitation by taking the proper steps of establishing a court record (filing the complaint) and *complying with the requirements of a method reasonably calculated to give a defendant notice.* At the same time, we have required the plaintiff to prosecute his action diligently by the imposition of a maximum tolling period. The rights of both parties are thus protected. *The plaintiff has the option of using some other method of getting jurisdiction over the defendant. And, if he does use some other method of getting jurisdiction over the defendant, the period of limitation will be tolled at the time jurisdiction over the defendant is accomplished.*

"The section does not constitute any radical departure from presently accepted principles, but it prescribes a definite procedure to be utilized wherein counsel are informed of the necessary steps which will guarantee the tolling of the statute of limitation. The adoption of this section will greatly increase predictability.

"Under subsection (1) the statutes of limitations are tolled when the complaint is filed and a copy of the summons and complaint are served on the defendant. Under subsection (2) the statutes of limitations are tolled when jurisdiction over the defendant is obtained by some other method. *The statutes of limitations are also tolled when the complaint is filed and a copy of the summons and complaint are in good faith placed in the hands of an officer for service as per subsection (3).* Thus a plaintiff need not actually have secured the accomplishment of service or have otherwise obtained jurisdiction over the defendant in order to preserve his cause of action. It should be noticed, however, that under subsection (3) the statutes are tolled for a maximum period of ninety days. *The statute again begins to run when the 90-day period has expired, and may not be tolled again until the service is made or jurisdiction over the defendant is obtained by some other method.* It should also be noted that in order to secure the benefits of subsection (3), a copy of the summons and complaint must be placed in the hands of an 'officer,' and not just any person of suitable age and discretion.

"In summary, a method has been provided whereby a plaintiff, by taking the proper steps, can toll the statute of limitation on his cause of action for a maximum period of 90 days. The establishment of a maximum toll period should eliminate the litigation-provoking questions as to whether or not a plaintiff 'intended' to 'diligently prosecute' his suit, as bearing on the issue of how long the statute could be tolled by placing a copy of the summons and

complaint in good faith in the hands of an officer for service." (Emphasis supplied.)

Now it is true that defendant had no office in Michigan, nor did it have any resident agent or other agent authorized to accept process. The sheriff of Wayne county could not serve the defendant personally unless one of defendant's officers came to Wayne county. The fact that personal service could not reasonably be calculated to be accomplished by the sheriff of Wayne county is not fatal to the operation of the tolling statute. The inability of the sheriff to serve personally the nonresident defendant did not prevent the tolling statute from operating in the case of *Hammel* v. *Bettison* (1961), 362 Mich 396, nor should it preclude plaintiffs from having their day in court in this case. In *Hammel* v. *Bettison, supra,* plaintiff was injured in an accident allegedly caused by defendant on June 13, 1956. Defendant was a resident of Michigan until 1958 when she moved to Louisiana. On June 12, 1959, suits were commenced by issuance of summonses which were placed in the hands of the Kent county sheriff's office for service. Declarations were filed the following June 25. The summons provided that service was to be made on or before August 7, 1959. On August 8, 1959, the deputy sheriff indorsed upon the original summons that he was unable to find defendant within his bailiwick. Alias summonses were issued on September 9, 1959, to be served on or before December 5, 1959. The alias summonses were served on the Secretary of State on September 16, 1959, and on September 18, 1959, two copies were served by registered mail together with notice that the same had been served upon the Secretary of State, addressed to defendant's residence in Louisiana. The Court ruled, in

effect, that the statute of limitations was tolled only so long as live process was in effect and because the alias was improperly issued, more than 10 days after the return of the sheriff contrary to Court Rule No 13, § 2 (1945), it was not effective to continue the tolling of the statute.

The trial court in its opinion cited the case of *State Accident Fund* v. *Catsman Company, Incorporated* (1965), 376 Mich 194, as applicable to this case. In *Catsman,* the case was started the last day before the running of the statute of limitations and plaintiff's attorney presented the process to the Midland county sheriff's office for service. Upon being informed that Catsman was in Genesee county, the attorney took the process, but failed to deliver it to the Genesee sheriff's office for service until after the passing of a number of days. Defendant asserts in this case that *Catsman, supra,* is applicable, apparently on the premise that in *Catsman* the plaintiff delivered process to the wrong sheriff for service, *i.e.,* Midland county instead of Genesee county, and that plaintiff in the instant case delivered process to the wrong sheriff, Wayne county. The analogy is not well applied, for in the case before us the suit was properly started in Wayne county, the situs of the accident, and residence of the plaintiffs. The defendant was a foreign corporation with no office or agent in Michigan (as is certified to by the vice president of the defendant) and there was no county of residence of the defendant in Michigan. Defendant did have distributors in Wayne county as well as in Macomb county and a salesman who resided in Macomb county, but none were qualified to be served because no one qualified as an officer or a proper agent of the defendant. Personal service was not possible under GCR 1963, 105.4, MCLA

§ 600.1920 (Stat Ann 1962 Rev § 27A.1920) unless
an officer of defendant visited Wayne county during
the 90 days that the statute of limitations could be
tolled.  In 1 Michigan Civil Procedure Before Trial
(Institute of Continuing Legal Education, 1964),
§ 6.112, p 244, it is stated as follows:

"Substituted service is provided for in GCR 1963,
105.4(2).  Under that rule, one leaves a copy of the
summons and copy of the complaint with any di-
rector, trustee or person in charge of any office and
sends a summons and copy of the complaint by reg-
istered mail to the principal office of the corpora-
tion.  *All due process requirements are met by the
requirement of mailing to the principal office.*"
(Emphasis supplied.)

Also, see *Woods* v. *Edgewater Amusement Park,
supra.*

We conclude that plaintiff, by commencing this
action 2 days before the running of the statute of
limitations and delivering on the same day the
original of the summons and copies of the complaint
and summons to the sheriff of Wayne county for im-
mediate service, acted in good faith, and the statute
of limitations was tolled.  That good faith should
not be taken from plaintiffs because the sheriff was
further instructed to give the defendant *immediate
notice* by registered mail which is the purpose of
all process.

Defendant cites no law nor have we found any
whereby the statute of limitations cannot be tolled
because a nonresident could not be served person-
ally in Michigan.

We conclude that the adult plaintiffs satisfied the
requirements of PA 1961, No 236, § 5856(3) (MCLA
§ 600.5856[3] [Stat Ann 1962 Rev § 27A.5856(3)])
and the statute of limitations was tolled for 90 days

from July 20, 1965, or until service was completed earlier in accordance with GCR 1963, 105.4(2).

Reversed. Costs to plaintiffs-appellants.

All concurred.