## SCHIMMEL *v.* SCRUGGS

1. LIMITATION OF ACTIONS—TOLLING—PROCESS.

    Filing a complaint and placing a copy of the summons and complaint in good faith in the hands of an officer for immediate service tolls the statute of limitations for not longer than 90 days (MCLA § 600.5856).

2. LIMITATION OF ACTIONS—TOLLING—PROCESS—GOOD FAITH.

    The good faith requirement for the tolling of the statute of limitations was sufficiently met where the plaintiffs believed that the defendants were residents of the county in which the suit was filed, the defendants had been residents of the county at the time the disputed accident occurred, and where the plaintiffs had placed a copy of the summons and complaint in the hands of the sheriff for immediate service even though the defendants had moved out of the county before the commencement of the suit so that the sheriff could not make service upon them and filed a return of non-service (MCLA § 600.5856).

3. LIMITATION OF ACTIONS—PROCESS—SERVICE—INCORRECT COUNTY.

    Placing a copy of the complaint and summons for service in the hands of the sheriff of the wrong county does not, in itself, determine whether the statute of limitations has been tolled (MCLA § 600.5856).

4. LIMITATION OF ACTIONS — TOLLING — PROCESS — PURPOSE OF STATUTE.

    The statute of limitations did not begin to run again upon a return of nonservice by the sheriff because the defendants had moved out of the county where the plaintiffs had filed a complaint and placed a copy of the summons and complaint in good faith in the hands of the sheriff for immediate

REFERENCE FOR POINTS IN HEADNOTES

[1-4] 51 Am Jur 2d, Limitation of Actions § 138 *et seq.*

service because the purpose of the statute is to provide a
method whereby a plaintiff, by taking the proper steps, may
toll the statute of limitations by diligently prosecuting his
suit (MCLA § 600.5856).

Appeal from Macomb, Howard R. Carroll, J.
Submitted Division 2 June 5, 1970, at Lansing.
(Docket No. 7,644.)   Decided August 27, 1970.

Complaint by Frances Pomante Schimmel and
James V. Schimmel against Robert Scruggs and
Opal Marie Scruggs for damages for personal in-
juries.   Defendants' motion for accelerated judg-
ment denied.   Defendants appeal by leave granted.
Affirmed.

*A. Christine Lawrence,* for plaintiffs.

*Nunneley, Nunneley & Hirt (Thomas D. Rinehart,*
of counsel), for defendants.

Before:  LESINSKI, C. J., and QUINN and ROOD,*
JJ.

PER CURIAM.   Defendants appeal from a denial of
a motion for accelerated judgment, based upon the
running of the statute of limitations.**

The record discloses that plaintiffs' cause of action
for personal injuries arose on January 20, 1966.   At
that time, all of the parties to this appeal were resi-
dents of Macomb County.   On January 16, 1969, five
days before the expiration of the statute of limita-
tions, the plaintiffs' attorney started suit in the Ma-
comb County Circuit Court and left a summons and
a copy of the complaint at the clerk's office for pick-
up by the sheriff.   The summons and complaint were

---

* Circuit judge, sitting on the Court of Appeals by assignment.
** MCLA § 600.5805 (Stat. Ann 1962 Rev § 27A.5805) provides for
a three-year statute of limitations.

received on January 20, 1969, by the Macomb County Sheriff.

On January 22, 1969, the sheriff returned the summons and complaint to the plaintiffs' attorney and filed a return of non-service.

Two weeks later the summons and complaint were mailed to the Wayne County Sheriff who received them and served them on defendants in Wayne County on February 13, 1969.

MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856) provides as follows:

"The statute of limitations are tolled when

"(1) the complaint is filed and a copy of the summons and complaint are served on the defendant, or when

"(2) jurisdiction over the defendant is otherwise acquired, or when,

"(3) *the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer for immediate service,* but in this case the statute shall not be tolled longer than 90 days thereafter." (Emphasis supplied.)

Defendants argue first that the placing of the summons and complaint in the hands of a sheriff of a county in which the defendants do not reside does not toll the statute of limitations, and second, that even assuming the statute was tolled on January 20, 1969, it began to run again when the Macomb County Sheriff returned the summons and complaint to the plaintiffs and filed a return of non-service.

At the time suit was commenced, the plaintiffs believed that the defendants were Macomb County residents. In fact, the defendants had been residents of Macomb County at the time of the accident but had moved before the suit was filed. On January 16, 1969, five days before the running of the statute of limitations, the plaintiffs filed a copy of the sum-

mons and complaint with the Macomb County Sheriff.

These facts establish sufficient compliance with the "good faith" requirements of the statute. The fact that the service was placed in the hands of the wrong officer is not determinative. *Bratton* v. *Trojan Boat Company* (1969), 19 Mich App 236.

The defendants' claim that, when service was returned by the Macomb County Sheriff, the statute began to run again is without merit.

This argument is at variance with the statute, unsupported by its language, and inconsistent with its purpose. In the committee notes following the statute, MCLA § 600.5856, *supra,* the following appears:

"In summary, a method has been provided whereby a plaintiff, by taking the proper steps, can toll the statute of limitation on his cause of action for a maximum period of 90 days. *The establishment of a maximum toll period should eliminate the litigation-provoking questions as to whether or not a plaintiff 'intended' to 'diligently prosecute' his suit, as bearing on the issue of how long the statute could be tolled by placing a copy of the summons and complaint in good faith in the hands of an officer for service.*" (Emphasis supplied.)

The plaintiffs filed suit on January 16, 1969, prior to the running of the statute of limitations. A copy of the summons and complaint were in "good faith" placed in an officer's hands and the statute of limitations was tolled for 90 days. Within that 90-day period, on February 13, 1969, the plaintiffs obtained service on the defendants in Wayne County. Thus, the plaintiffs' action was commenced prior to the running of the statute of limitations and the lower court did not err in denying the defendants' motion for accelerated judgment.

Affirmed. Costs to appellees.